JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10443 PA (FMOx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Jose Juarez v. Radio Shack Corporation, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| None | None |

**Proceedings:**   IN CHAMBERS - COURT ORDER

Before the Court is a Notice of Removal filed by defendant Radio Shack Corporation ("Defendant"). (Docket No. 1.) In its Notice of Removal, Defendant alleges that the only other named defendants, Ramon Luna and Bill Betropoulos, are no longer in the case because, on December 12, 2011, the state court sustained the Demurrers to the only causes of action asserted against those defendants. Defendant asserts that this Court now has jurisdiction over the action brought against it by plaintiff Jose Juarez ("Plaintiff") based on the Court's diversity jurisdiction. See 28 U.S.C. § 1332.

Federal courts are courts of limited jurisdiction, having subject matter jurisdiction only over matters authorized by the Constitution and Congress. See, e.g., Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377, 114 S. Ct. 1673, 1675, 128 L. Ed. 2d 391 (1994). A suit filed in state court may be removed to federal court if the federal court would have had original jurisdiction over the suit. 28 U.S.C. § 1441(a). A removed action must be remanded to state court if the federal court lacks subject matter jurisdiction. 28 U.S.C. § 1447(c). "The burden of establishing federal jurisdiction is on the party seeking removal, and the removal statute is strictly construed against removal jurisdiction." Prize Frize, Inc. v. Matrix (U.S.) Inc., 167 F.3d 1261, 1265 (9th Cir. 1999). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

In attempting to invoke this Court's diversity jurisdiction, Defendant must prove that there is complete diversity of citizenship between the parties and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. To establish citizenship for diversity purposes, a natural person must be a citizen of the United States and be domiciled in a particular state. Kantor v. Wellesley Galleries, Ltd., 704 F.2d 1088, 1090 (9th Cir. 1983). Persons are domiciled in the places they reside with the intent to remain or to which they intend to return. See Kanter v. Warner-Lambert Co., 265 F.3d 853, 857 (9th Cir. 2001). "A person residing in a given state is not necessarily domiciled there, and thus is not necessarily a citizen of that state." Id. For the purposes of diversity jurisdiction, a corporation is a citizen of any state where it is incorporated and of the state where it has its principal place of business. 28 U.S.C. § 1332(c); see also Indus. Tectonics, Inc. v. Aero Alloy, 912 F.2d 1090, 1092 (9th Cir. 1990).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10443 PA (FMOx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Jose Juarez v. Radio Shack Corporation, et al. | | |

The Notice of Removal alleges that Defendant is a Delaware corporation with its principal place of business in Texas. (Notice of Removal at 3:14–15.) Thus, for diversity purposes, Defendant is a citizen of both Delaware and Texas. The Notice of Removal further alleges that, according to Plaintiff's Complaint, Plaintiff "is, and at the time he filed the Complaint, 'was, and remains, a resident of the county of Los Angeles.'" (Notice of Removal at 3:12-13.) However, the Complaint, as Defendant acknowledges, alleges only Plaintiff's residence. Because the only support for Defendant's allegation of Plaintiff's citizenship is an allegation of residence, and residence is not the same as citizenship, the Notice of Removal's allegations are insufficient to establish Plaintiffs' citizenship. "Absent unusual circumstances, a party seeking to invoke diversity jurisdiction should be able to allege affirmatively the actual citizenship of the relevant parties." Kanter, 265 F.3d at 857; Bradford v. Mitchell Bros. Truck Lines, 217 F. Supp. 525, 527 (N.D. Cal. 1963) ("A petition [for removal] alleging diversity of citizenship upon information and belief is insufficient."). As a result, Defendant's allegations are insufficient to invoke this Court's diversity jurisdiction.

Defendant also fails to establish that the amount in controversy exceeds $75,000. When an action has been removed, and the amount in controversy is in doubt, there is a "strong presumption" that a plaintiff has not claimed an amount sufficient to confer jurisdiction. Gaus v. Miles, Inc., 980 F.2d at 566 (citing St. Paul Mercury Indem. Co. v. Red Cab Co., 303 U.S. 283, 288–90, 58 S. Ct. 586, 590–91, 82 L. Ed. 845 (1938)). "Where it is not facially evident from the complaint that more than $75,000 is in controversy, the removing party must prove, by a preponderance of the evidence, that the amount in controversy meets the jurisdictional threshold." Matheson v. Progressive Specialty Ins. Co., 319 F.3d 1089, 1090 (9th Cir. 2003).

Here, Plaintiff seeks general and special damages, exemplary damages, pre- and post-judgment interest, costs of suit, and reasonable attorneys' fees. (See Complaint, Prayer for Relief.) Plaintiff never alleges specific amounts. Plaintiff merely alleges that he "has suffered general and special damages in sums according to proof" and, similarly, Plaintiff seeks exemplary damages "according to proof." (See, e.g., Complaint, ¶¶ 21, 28, 66, Prayer for Relief.) Hence, the amount in controversy is unclear from the face of the Complaint.

"If the amount in controversy is not clear on the face of the complaint, . . . defendant must submit summary-judgment type evidence to establish that the actual amount in controversy exceeds $75,000." Kenneth Rothschild Trust v. Morgan Stanley Dean Witter, 199 F. Supp. 2d 993, 1001 (C.D. Cal. 2002) (quotations omitted). In support of its Notice of Removal, Defendant states, "Because [Plaintiff] was employed by [Defendant] for nine years, these damages would, if proven, easily reach in excess of $75,000." (Notice of Removal at 3:22–23.) However, Defendant has provided no summary-judgment type evidence to demonstrate that the amount in controversy exceeds the jurisdictional minimum.

JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 11-10443 PA (FMOx) | Date | January 3, 2012 |
|---|---|---|---|
| Title | Jose Juarez v. Radio Shack Corporation, et al. | | |

  Defendant also has not shown that damages greater than $75,000 have been awarded in cases similar to this one. See Kroske v. U.S. Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005); Beaver v. NPC Int'l, Inc., 451 F. Supp. 2d 1196, 1198 (D. Or. 2006) ("This court and others have sanctioned the introduction of decisions and awards in similar cases as evidence of the amount in controversy."). Defendant only cites one case, Simmons v. PCR Technology, 209 F. Supp. 2d 1029, 1033-34 (N.D. Cal. 2002), for the proposition that "jury verdicts demonstrate the potential for large emotional distress and punitive damages awards." (Notice of Removal at 4:13–15.) Thus, Defendant's allegations are not supported by a preponderance of the evidence. See, e.g., Valdez v. Allstate Ins. Co., 372 F.3d 1115, 1116–17 (9th Cir. 2004). Therefore, Defendant has failed to fulfill its burden to demonstrate that the amount in controversy exceeds $75,000.

  Because neither the "four corners" of the Complaint nor the Notice of Removal contains sufficient allegations concerning the amount in controversy, nor has Defendant properly alleged Plaintiff's citizenship, Defendant has not met its burden to establish this Court's jurisdiction. See Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (2005). Accordingly, the Court remands this action to the Los Angeles Superior Court, case number BC 466302, for lack of federal subject matter jurisdiction. See 28 U.S.C. § 1447(c).

  IT IS SO ORDERED.